IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01132-CMA-KLM

THOMAS CARR,

    Plaintiff,

v.

OFFICER R. BARTOSHEVICH, and
OFFICER WEESE,

    Defendants.

---

### ORDER GRANTING DEFENDANT WEESE'S MOTION TO DISMISS
---

This matter is before the Court on Defendant Officer Kristina Weese's Motion to Dismiss Plaintiff Thomas Carr's Complaint under Federal Rule of Civil Procedure 8 and 12(b)(6).  (Doc. # 14.)  Because Mr. Carr fails to adequately plead his case under Rule 12(b)(6), the Court grants the motion.[1]

### I.    BACKGROUND

Mr. Carr commenced this action on May 8, 2017, alleging one claim of excessive force against Defendants Officers Bartoshevich[2] and Weese and seeking money damages.[3]  (Doc. # 1).  His Complaint contains one paragraph of allegations:

---

[1] Based on this conclusion, the Court need not address Defendant's contention that Mr. Carr's Complaint is barred by the applicable statute of limitations.
[2] To date, Officer Bartoshevich has not been served.
[3] Mr. Carr also included the Englewood Police Department and the Chief of Police as Defendants on his Complaint.  On May 10, 2017, Magistrate Judge Gordon P. Gallagher

> On May 6, 2015, I was stopped by Englewood Police Office
> Bartoshevich, and was brutally assaulted by Officers
> Bartoshevich, Weese, and any other policemen on the
> scene: resulting in: Concussion, Traumatic Brain Injury,
> PTSD, fractured pelvis, facial injuries, torn rotator cuff,
> injured knew, bodily injuries, and mental despair.

(Doc. # 1 at 2.)

On May 10, 2017, this Court issued its Order Directing Plaintiff to File Amended Complaint. (Doc. # 5.) That Order described in detail what Mr. Carr needed to include in his Amended Complaint, including what each named defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated. (*Id.*) Mr. Carr failed to so amend his Complaint.

On September 6, 2017, Officer Weese[4] filed the instant motion to dismiss, arguing that Mr. Carr has failed to adequately plead the claims against her under Federal Rule of Civil Procedure 12(b)(6). Mr. Carr has not responded to the motion.

## II. LEGAL STANDARDS

### A. RULE 12(b)(6)

Under Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim if it appears beyond a doubt that the plaintiff can plead no set of facts in support of his claim that would entitle him to relief. *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). Dismissal under Rule 12(b)(6) may also be based on the lack of a

---

ordered Mr. Carr to amend his Complaint to correct various deficiencies in his pleadings against them. (Doc. # 5.) Mr. Carr, however, did not so amend, and both Defendants have since been dismissed from this lawsuit. (Doc. # 6.)

[4] Officer Weese refers to herself as Officer Wall in her motion. For the sake of consistency with respect to the Orders and other filings in is lawsuit, the Court nonetheless refers to her as Officer Weese.

2

cognizable legal theory. *Id.* at 1217. In reviewing a motion to dismiss, courts take all well-pleaded allegations in the plaintiff's complaint as true and construe the allegations in the light most favorable to plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

However, a litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint").

Mr. Carr appears *pro se* in this matter. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Mr. Carr's *pro se* status does not, however, entitle him to the application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). Moreover, the Court may not "construct arguments or theories for [Mr. Carr] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

**B. EXCESSIVE FORCE CLAIM**

To state a claim for excessive force in federal court, the plaintiff must explain what each named defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). In other words, the plaintiff must allege specific facts demonstrating an affirmative link between the alleged constitutional violation and each defendant's personal participation, control or direction, or failure to supervise. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations and quotations omitted).

### III.    ANALYSIS

Mr. Carr's Complaint contains only one paragraph of threadbare recitals lodging claims at a group of officers. Aside from listing two of their names and a date, he does not provide any details with respect to the circumstances of the assault or each officer's individual conduct. In particular, Mr. Carr presents no specific facts explaining Officer Weese's personal participation in the alleged constitutional violation, as he was instructed to do by this Court. Even construing Mr. Carr's Complaint liberally, the Court cannot conclude that Mr. Carr has adequately plead a constitutional violation or sufficiently tied Officer Weese to the incident to overcome dismissal under Rule 12(b)(6). Dismissal of the claims against her is accordingly warranted.

4

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Weese's Motion to Dismiss (Doc. # 14), and DISMISSES Mr. Carr's claims against her WITH PREJUDICE.[5]

Moreover, although Mr. Carr's filed his Complaint on May 8, 2017, it appears to this Court that Defendant Officer Bartoshevich has not yet been served. Therefore, it is

ORDERED that Mr. Carr shall, on or before December 27, 2017, either file proof of service or show cause, in writing, why his claims against Officer Bartoshevich should not be dismissed pursuant to Federal Rule of Civil Procedure 4. In the event that such filing or showing is not made by said date, the claims against Officer Bartoshevich shall be dismissed without prejudice.

DATED: December 19, 2017

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge

---

[5] The Court provided Mr. Carr an opportunity to amend his Complaint but he failed to do so. As such, the Court finds that affording him a second opportunity to amend the Complaint in an attempt to assert a plausible cause of action would be futile. *See Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997).